ANSON V. PROUTY ET AL., EXECUTORS, ESTATE OF C. C. PROUTY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2951.   Decided October 19, 1926.

On the evidence, the value of the estate involved in this appeal is determined for Federal estate-tax purposes.

*T. G. Negrich, Esq.*, for the petitioners.
*George E. Adams, Esq.*, for the respondent.

The Commissioner asserts a deficiency in estate tax in the amount of $978.76. The controversy results from certain additions to the value of the gross estate made by the Commissioner.

### FINDINGS OF FACT.

C. C. Prouty died on February 20, 1923, leaving an estate made up of real and personal property located in the Counties of San Joaquin and Amador in the State of California. The decedent disposed of his estate by will, in which he named Anson V. Prouty, Gladys Jones, Douglas L. Prouty and William E. Prouty, as executors, all of whom duly qualified under the laws of California.

W. M. Yarrington, inheritance tax appraiser for Amador County, and John Scully and J. G. Clifton, appointed to such duty by the Superior Court of Amador County, appraised the property of the estate located in that county on June 27, 1923, and found a gross value thereof in the amount of $119,932.82. W. W. Hubbard, an inheritance tax appraiser of San Joaquin County, appointed to such duty by the Superior Court of San Joaquin County, appraised the property of the estate located in that county on June 11, 1923, and found a gross value thereof in the amount of $38,140. The gross value of the entire estate as determined by such appraisers was $158,-072.82. Claims against the estate in the amount of $91,289.47 were established and, on the resulting net valuation of $67,143, the executors, within the time provided by law, made State and Federal estate-tax returns and paid the taxes on such valuation.

On September 30, 1924, one year and seven months after the death of the decedent, certain of the heirs of the estate, who were contingent beneficiaries under the will, sold to one Kiefer an option to purchase the greater part of the real estate within one year for a price substantially greater than the appraised valuation of such property. This option was not exercised during the year and was renewed and is still in effect.

Upon audit of the Federal estate-tax returns made by the executors, the Commissioner increased the value of the gross estate to the amount of $229,947.82, reduced the deduction taken therefrom

to the amount of $88,866.18, determined that the value of the net estate was $141,081.64, and asserted the deficiency now in controversy. The increase in valuation determined by the Commissioner was the difference between the appraised value of the lands and the option price of such property at September 30, 1924. The petitioners accept the adjusted deductions made by the Commissioner and only the increase in the value of the lands is in controversy.

OPINION.

LANSDON: The petitioners contend that the appraisal made by persons duly appointed by the courts having jurisdiction of such matters under the laws of California truly reflects the value of the estate of the decedent, and that the Commissioner erroneously increased such value when he adopted the option entered into one year and seven months after the death of the decedent as the basis of his revaluation. At the hearing counsel for the Commissioner insisted that the Commissioner had the right to use the option as evidence of value.

The Commissioner is entitled to use any proper evidence in determining the value of estates for inheritance tax purposes. We are of the opinion, however, that the consideration fixed in an option entered into on September 30, 1924, is not conclusively determinative of the value of the lands involved, either at the date of the option or at February 20, 1923, which was the date of the death of the decedent. The option has never been exercised, and, in our opinion, can not be accepted as a measure of the value of the property involved.

The petitioners introduced two witnesses, both of whom were beneficiaries under the will of the decedent. Each testified that he was familiar with the value of the property and that at the date of the death of the decedent it could not have been sold for the appraised valuation.

*Judgment will be entered on 20 days' notice, under Rule 50.*